IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CORDELIA WILSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-17-2344 |
| LIFE TECHNOLOGIES CORPORATION, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

*Pro se* Plaintiff Cordelia Wilson ("Plaintiff" or "Wilson") brought this action against Defendants Life Technologies Corporation ("Life Technologies") and Thermo Fisher Scientific, Inc. ("Thermo") (collectively, "Defendants"), stemming from the termination of her medical coverage under her husband's employer sponsored healthcare plan. (Compl., ECF No. 2.) Presently pending before this Court is Defendants' Motion to Dismiss. (ECF No. 8.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, the Defendants' Motion to Dismiss (ECF No. 8) is GRANTED.

## **BACKGROUND**

This Court accepts as true the facts alleged in Plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). In 2002, Plaintiff Wilson's fiancé Daniel Moore ("Moore"), an employee of Life Technologies, added Wilson to his employer sponsored healthcare plan. (ECF No. 2 at ¶¶ 1, 2.) After the couple legally married in 2005, Plaintiff

1

became listed on the coverage as a spouse. (*Id.* at ¶ 4.) In 2010, without informing Wilson, Life Technologies terminated her coverage. (*Id.* at ¶¶ 5, 6.) When she realized it had been canceled, Wilson contacted Life Technologies but was told by a representative that Life Technologies would only speak with Moore. (*Id.* at ¶ 7.) Moore then contacted Life Technologies and was told that the coverage was terminated because the company needed proof of a marriage license. (*Id.*) Subsequently, Wilson's attorney submitted a marriage license and decree stipulating that health coverage should continue. (*Id.* at ¶ 8.) Around the end of 2011, however, Life Technologies claimed that it forgot to add Plaintiff back on her husband's plan. (*Id.* at ¶ 9.) That year, Wilson was also diagnosed with a stomach ulcer which developed into cancer in 2013. (*Id.* at ¶ 10.) Plaintiff now claims that had she received early medical treatment and taken medication for her ulcer, she could have prevented the cancer from developing. (*Id.* at ¶ 10.) She further claims that she was never offered Consolidated Omnibus Budget Reconciliation Act (COBRA) coverage when her coverage was canceled. (*Id.* at ¶ 11.)

Plaintiff brought suit in the Circuit Court for Frederick County, alleging that "Defendant[s'] negligent conduct breached the applicable standard of medical insurance by canceling coverage without notice while plaintiff was still married" and as a result, Plaintiff suffered severe health conditions, emotional and mental distress, and the inability to work.[1] (ECF No. 2.) She seeks damages for her pain, stress, future problems, and inability to perform certain functions in the amount of $7,000,000 plus costs. (*Id.*) Defendants removed

---

[1] In her Complaint, Plaintiff asserts two counts, one for negligence and one for damages. Construing Plaintiff's Complaint liberally, as mandated by *Erickson v. Pardus*, 551 U.S. 894 (2007), this Court has treated the separate counts as described above.

2

the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331, based on the Employee Retirement Income Security Act of 1974 ("ERISA"), and 28 U.S.C. § 1332, based on diversity jurisdiction. (ECF No. 1.) On August 22, 2017, Defendants filed a Motion to Dismiss.[2] (ECF No. 8.)

**STANDARD OF REVIEW**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To satisfy Rule 8(a)(2), a complaint need not include "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a plaintiff must plead more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555. A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotations omitted).

---

[2] On September 5, 2017, Plaintiff requested an extension of time to file a response to the Motion to Dismiss and also requested that this Court appoint her *pro bono* legal counsel. (ECF No. 11.) This Court granted Plaintiff's Motion for additional time, but denied her request to appoint *pro bono* counsel. (ECF No. 13.) In the order dated September 11, 2017, this Court referred Plaintiff to www.mdd.uscourts.gov/finding-legal-assistance for information on obtaining legal assistance. (*Id.*) Three days later, Plaintiff filed an additional Motion to Appoint Counsel. (ECF No. 14.) This Court similarly denied that Motion, again directing Plaintiff to the above website and informing Plaintiff that there is no constitutional right to counsel in civil cases, *Marks v. Cook*, 347 Fed. App'x. 815, 917 (4th Cir. 2009). (ECF No. 15.)

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). Further, a *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Defendants' first ground for dismissal is that Plaintiff's negligence claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").[3] While Defendants' Motion references both conflict and complete preemption, there is a distinction. Under conflict preemption, "state laws that conflict with federal laws are preempted, and preemption is asserted as 'a federal defense to the plaintiff's suit.'" *Darcangelo v. Verizon Commun., Inc.*, 292 F.3d 181, 186-87 (4th Cir. 2002) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546 (1987)). In the context of ERISA, any state law claim that "refers to or has a connection with covered benefit plans" is barred under conflict preemption and the claim must be dismissed. *District of Columbia v. Greater Washington Bd. Of Trade*, 506 U.S. 125, 129-30; *Marks v. Watters*, 322 F.3d 316, 323 (4th Cir. 2003).

---

[3] ERISA is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S. Ct. 2890, 2896 (1983).

On the other hand, complete preemption is a jurisdictional doctrine that "'transform[s plaintiff's] state-law cause of action into one arising under federal law." *Johnson v. America Towers, LLC*, 781 F.3d 693, 701-02 (4th Cir. 2015) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399, 107 S. Ct. 2425 (1987)); *see also King v. Marriott Intern. Inc.*, 337 F.3d 421, 425 (4th Cir. 2003) ("In cases of complete preemption, . . . it is misleading to say that a state claim has been 'preempted' as that word is ordinarily used. In such cases, in actuality, the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute."). Therefore, dismissal is not appropriate when a state law claim is completely preempted. *Id.* Rather, this Court has recognized that it must treat the plaintiff's complaint as one stating a cause of action under federal law. *See Ankney v. Metro. Life Ins.*, 438 F.Supp.2d 566, 573 (D. Md. 2006) (rejecting the defendant's argument that ERISA preemption entitled it to summary judgment on the plaintiff's breach of contract claim, because "[t]his court need not wait for plaintiff to reassert his cause of action under ERISA, it must treat the case as an ERISA action on its own accord"); *see also Gross v. St. Agnes Health Care, Inc.,* No. ELH-12-2990, 2013 WL 4925374, at *8 (D. Md. Sept. 12, 2013) ("Notably, complete preemption does not provide for dismissal of a claim.").[4]

A state law claim is completely preempted under ERISA when it falls within the scope of ERISA's civil enforcement scheme, § 502(a). A plaintiff's claim comes within the scope of § 502 if (1) the plaintiff has standing to pursue her claim; (2) her claim falls within the scope of an ERISA provision enforceable through § 502(a); and (3) resolution of the

---

[4] This Court notes, however, that other courts have dismissed completely preempted ERISA claims and granted the plaintiff leave to amend. *See Van Lier v. Unisys Corp.*, 142 F.Supp.3d 477, 487 (E.D. Va. 2015) ("Because there is complete preemption—not just conflict preemption—plaintiffs complaint is properly dismissed without prejudice so that plaintiff can amend her complaint to assert a claim under ERISA's civil enforcement provisions.")

5

claim requires an interpretation of an ERISA-governed employee benefit plan. *Kuthy v. Mansheim*, No. 04-1290, 124 Fed. App'x. 756, 757 (4th Cir. Dec. 3, 2004) (citing *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003)).

In this case, Defendants' Motion itself consistently states that Plaintiff's claim falls within § 502(a) and thus is *completely* preempted. Second, all three prongs are met given that Plaintiff was a participant or beneficiary of Moore's plan, she claims she was denied coverage and challenges the company's failure to notify her that her coverage was being terminated, and Moore's plan was covered by ERISA.[5] Accordingly, the issue is whether Plaintiff's Complaint, construed as stating a claim under ERISA, survives a motion to dismiss. First, Wilson's ERISA claim fails because she does not allege, and the record does not show, that she exhausted her remedies under Moore's plan. All benefit plans covered by ERISA are required to provide internal dispute resolution procedures for individuals who claim that their benefits have been denied. 29 U.S.C. § 1133. Exhaustion of those procedures, then, is a requirement before bringing an ERISA claim in court. *See Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) ("An ERISA welfare benefit plan participant must both pursue and exhaust plan remedies before gaining access to federal courts." (citing *Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir. 1989)); *see also Makar*, 872 F.3d at 82 (explaining that while ERISA does not have an explicit exhaustion provision, the "exhaustion requirement rests upon the Act's text and structure as well as the strong federal interest

---

[5] While whether Moore's plan is covered by ERISA is not clear from the Complaint, Defendants' Motion to Dismiss asserts that the company's benefit plan is covered by ERISA and Plaintiff does not dispute this in her Response to the Motion.

6

encouraging private resolution of ERISA disputes"). Therefore, Wilson has failed to meet these prerequisites.

In addition, treating Plaintiff's "negligence" claim as one for breach of fiduciary duty, *see Tingler v. Unum Life. Ins. Co.*, No. 6:02-1285, 2003 WL 1746202, at * 4 (S.D. W. Va. Apr. 2, 2003) (claim of negligence was akin to ERISA claim for breach of fiduciary duty), Plaintiff has failed to state a claim under ERISA. ERISA's fiduciary liability provision states that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109. It does not, therefore, allow a party to sue for individual damages. *Rogers v. Unitedhealth Group, Inc.*, 144 F.Supp.3d 792, 800 (D.S.C. 2015) (citing *Taylor v. Oak Forest Health & Rehab., LLC*, No. 1:11-cv-471, 2013 WL 4505386, at *3 (M.D.N.C. Aug. 22, 2013); *Barnett v. Perry*, No. CCB-11-cv-00122, 2011 WL 5825987, at *5 (D. Md. Nov. 16, 2011)).

Apart from the fact that Plaintiff's claim is completely preempted, and has therefore been analyzed as an ERISA claim, the Plaintiff's state law negligence claim fails to state a plausible cause of action. First, the statute of limitations for civil actions in Maryland is three years from when the action accrues. *See* Md. Code Ann., Cts & Jud. Proc. § 5-101. An action accrues when a plaintiff discovered, or reasonably should have discovered, the basis for the action. *Master Fin., Inc. v. Crowder,* 409 Md. 51, 61 (2009). At the latest, Plaintiff's claim accrued at the end of 2011 when she was informed by a representative of Defendant Life Technologies that the company never put her back on Moore's healthcare plan. Therefore, she had "knowledge of the legally operative facts permitting the filing of a claim" in 2011

7

and her claim is barred by the three-year statute of limitations. *Master Finn. Inc.*, 409 Md. at 61. Second, to prove negligence under Maryland law, a plaintiff must "establish 'a duty owed to the plaintiff or to a class of which the plaintiff is a part; a breach of that duty; a causal relationship between the breach and the harm; and damages suffered.'" *Malinowski v. The Lichter Group, LLC*, 165 F.Supp.3d 328, 340 (D. Md. 2016) (quoting *Walpert, Smullian & Blumenthal, P.A. v. Katz*, 361 Md. 645, 655, 762 A.2d 582, 587 (2000)). Plaintiff's Complaint, however, fails to allege, and this Court does not find, an independent legal duty that Defendants owed to Wilson. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 214, 124 S.Ct. 2488, 2499 (2004) ("[R]espondents bring suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA."). Accordingly, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED and Plaintiff's claim is DISMISSED.

A separate Order follows.

Dated: November 14, 2017 \_\_\_\_/s/_____
Richard D. Bennett
United States District Judge